**The STATE of Texas, Appellant,**

v.

**Larry Ray JAMES, Appellee.**

**No. 09–91–263 CR.**

Court of Appeals of Texas, Beaumont.

Jan. 27, 1993.

Rehearing Denied Feb. 11, 1993.

Daniel C. Rice, Dist. Atty. and Kathleen Hamilton, Asst. Dist. Atty., Conroe, for the State.

Bob Tarrant, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Larry Ray James, defendant below and appellee herein, was indicted in May 1991, in four separate indictments for the felony offenses of (1) Possession of Marijuana (less than five pounds but more than four ounces), (2) Possession of a Controlled Substance (less than 28 grams of cocaine); (3) and (4) Two Counts of Possession of Substances on which tax was unpaid.

Appellee's brief raises a procedural issue seeking dismissal of this appeal because the State did not timely request and file the exhibits (search warrant and affidavit) to be reviewed by this Court. After the trial court granted appellee's motion to suppress evidence on November 1, 1991, the State gave notice of appeal on November 6, 1991. The transcript and statement of facts were filed December 16, 1991, with the Clerk of this Court. On the State's motion to consolidate cause numbers 09–91–263 CR, 09–91–264 CR, 09–91–265 CR, and 09–91–266 CR, the referenced causes were consolidated under cause number 09–91–263 CR on December 19, 1991. The State filed a motion for leave to file supplemental statement of facts together with the supplemental exhibits on February 10, 1992. Appellee filed objections to the State's motion for leave to file supplemental statement of facts on February 11, 1992. On February 13, 1992, the State's motion for leave to file supplemental statement of facts in this cause was granted and the supplement to the statement of facts was filed that date. It is within the power of this Court to allow supplementation of the statement of facts to enable this Court to decide the cause before it. Tex.R.App.P. 55. Appellee's procedural point of error is overruled.

Appellee was arrested at his residence located at 3196½ Lucille, Lakewood Estates, Montgomery County, Texas, during the execution of a search warrant on April 9, 1991.

Appellee filed a motion to suppress all evidence by challenging the sufficiency of the warrant's description of the place to be searched. Hearing was held October 3, 1991, on appellee's motion. On November 1, 1991, the trial court granted appellee's motion from which ruling the State has filed an appeal.

Appellant admits that the physical address and residence to be searched described as "3196½ Lilly, Lakewood Estates, Conroe, Montgomery County, Texas," as set out in the search warrant and the affidavit supporting same did not in fact exist. The mobile home, under the control of the appellee, Larry James, was located at the intersection of Lilly and Lucille, the address being 3196½ Lucille Street. The affidavit for the search warrant executed by M.F. Waters, a detective sergeant em-

ployed with the Montgomery County Sheriff's Department, was incorporated into the search warrant itself, not only by reference thereto but was copied verbatim therein. For use of the affidavit in describing the premises to be searched *see Green v. State,* 799 S.W.2d 756, 760 (Tex.Crim.App.1990); *Phenix v. State,* 488 S.W.2d 759 (Tex.Crim. App.1972); and *McTyre v. State,* 113 Tex. Crim. 31, 19 S.W.2d 49 (1929). The affidavit and the warrant itself describe the premises as a private residence as follows:

[being described as a single wide mobile home, tan in color with brown colored trim, with a wooden platform front porch located in front of the front door which faces approximately west, and has a small wood frame structure located near the northwestern end of the mobile home and which is green and white in color with a door to the structure that faces approximately north. A silver colored butane type gas tank is located in front and on the western side of the mobile home. A large tree is located in front of the mobile home on the western side and has a large mercury vapor type light attached to it. A dirt drive area is located on the western side of the mobile home and enters through a cyclone type chain link fence which surrounds the property. A small wooden structure is located at the northeastern end of the mobile home and has a blue colored tarp covering it, (including all vehicles, structures, places located on the premises) located at 3196½ Lilly, Lakewood Estates, Conroe, in Montgomery County, Texas, which said private residence, is possessed, occupied under the control and charge of Larry Ray James W/M DOB 12/19/63 and a white female known only as Missy and approximately 20 to 25 years of age, (including person or persons whose names, identities, and descriptions are unknown to Affiant).

The issues before the trial court was whether the property which was the subject of the search warrant was "specifically described" as required by TEX.CODE CRIM. PROC.ANN. art. 18.01(c) (Vernon Supp.1993) and whether that property was identified "as near as may be," as the property to be searched as required by TEX.CODE CRIM. PROC.ANN. art. 18.04 (Vernon 1977).

At the hearing on October 3, 1991, appellee tendered James Cooper, a licensed private investigator with five years of police experience, who testified that he had been employed by appellee's attorney to locate the property using the address 3196½ Lilly Street. Cooper stated that he could not find that particular address, even though he did find houses on Lilly Street. He found a house at 3196 Lucille Street, with the numbers 3196 visible on the front of the house on Lucille Street. Cooper then noticed a mobile home directly behind this particular house, but could not find any numbers on the mobile home. He did agree, however, that the description of the mobile home in the search warrant conformed to the mobile home that he saw. He also agreed that certain landmarks, out buildings, and the driveway conformed to the search warrant and its affidavit. After speaking with a lady who lived at 3196 Lucille, he learned that the mobile home was the property he was seeking. While Cooper testified that he found Lilly Street in the Lakewood Estates Subdivision, he further stated that it was not located within the Conroe City Limits. However, he testified that as a peace officer he was aware of mailing addresses that reflect a particular city when in fact the actual location might be outside the city limits.

Another witness for appellee testified that while he had trouble finding 3196½ Lilly Street, he nevertheless found the mobile home in question by going to 3196 Lucille Street first. He emphasized that it would have been much easier going to the proper location by using the description in the search warrant.

The State only called one witness, an investigator for the district attorney's office who testified that by using the exact description from the search warrant, he had no difficulty finding the mobile home in question. He further testified that even though he did not find "3196½ Lilly Street" by the address being on a mail box or a residence, he could locate the mobile home by the search warrant description which

was in fact identical to the physical description of the property. He further testified there were no other mobile homes which even approximated the description of the mobile home at issue.

Even if the address had been correct on the search warrant, there were no numbers on the mobile home, thus without the detailed affidavit the correct address would have availed nothing.

 Technical discrepancies in the descriptive portions of a search warrant will not automatically void the warrant. *Bridges v. State*, 574 S.W.2d 560, 562 (Tex. Crim.App.1978). Originally the test for the sufficiency of the description of the premises to be searched was whether the officer executing the warrant could with reasonable effort, locate the premises and distinguish it from others in the surrounding area and community. *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex.Crim.App.1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979). *Rhodes v. State*, 134 Tex.Crim. 553, 116 S.W.2d 395, 396 (1938).

In viewing the adequacy of locations contained in the search warrant we look to the interests and rights sought to be protected. First we seek to protect persons from unreasonable searches of their homes by the requirement that any search be based on probable cause. TEX. CONST. art. I, § 9. Secondly, we seek to protect the privacy and rights of individuals from mistakes occurring from failure to specifically describe the location of property. *See Haynes v. State*, 475 S.W.2d 739 (Tex.Crim.App.1971).

If the warrant is sufficiently descriptive on its face to enable the officer executing same to locate, identify, and distinguish the property and premises intended to be searched, avoiding a reasonable probability of a mistaken execution, then that warrant is valid. *Olivas v. State*, 631 S.W.2d 553, 556 (Tex.App.—El Paso 1982, no pet.).

We believe that the affidavit describing the premises to be searched was so clear, so concise, so accurate, so detailed, and so specific, as to defy mistake or inadvertence. We hold that where an affidavit in support of a search warrant describing the location of the property to be searched is so descriptively detailed as to give a reasonably prudent law enforcement officer affirmative confidence in continuing the execution of same, such affidavit shall override an incorrect numerical address.

We reverse the ruling of the trial court in suppressing the evidence in question obtained as a result of the execution of the warrant in question.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.