Jonathan Iving CHAMPION, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–00202–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1996.

Discretionary Review Refused
June 26, 1996.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Appellant, Jonathan Iving Champion, appeals his conviction of felony possession of cocaine in an amount of less than 28 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1989 & Supp.1992)[1]. Appellant pled guilty to the offense and the trial court assessed his punishment at twenty-five years imprisonment, enhanced by two prior felony convictions. In one point of error, appellant contends the trial court erred in overruling his motion to suppress the evidence because the search and arrest warrant was invalid. We affirm.

Appellant contends that the affidavit upon which the search and arrest warrant was issued did not state probable cause to search 5126 Van Fleet because the facts section stated that the address of the suspected place was 5123 Van Fleet, Houston, Texas. In short, appellant contends that the affidavit stated probable cause to search 5123 Van Fleet and the police had a warrant to search 5126 Van Fleet which was a different property; therefore, the warrant was invalid. We disagree.

Special agent Eric Evers of the Federal Bureau of Alcohol, Tobacco, and Firearms, worked with Officer Mario Gomez of the Houston police department in the investigation of appellant's residence for alleged narcotics activities. Agent Evers testified at the hearing on appellant's motion to suppress. Agent Evers testified that he made a typographical error when he prepared the search warrant affidavit for Officer Gomez and typed the address in one portion of the affidavit as 5123 Van Fleet when the correct address was 5126 Van Fleet. He testified that 5123 Van Fleet does not exist. The affidavit described the suspected place in great detail as follows:

Gerald E. Bourque, Houston, Janet Morrow, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised Health and Safety Code. *See* Acts 1993, 73rd Leg., Ch. 900, sec. 2.02. Therefore, all references to the Health and Safety Code are to the code in effect at the time the crime was committed.

There is in Houston, Harris County, Texas a suspected place and premises described and located as follows: A residence located at 5126 Van Fleet, Houston, Texas. This is a one story, white, wood frame, house located on the southeast corner of Van Fleet where it tee's with Jutland. (Keymap 534 S) There is a large tree on the left side of the yard. There is a window air conditioning unit to the left of the front door. On the wall by the front door that faces east is a black mail box that hangs crooked with the left side lower than the right. The car port is dilapidated looking and tilts to the right. There is a street light to the right of the house with a large pile of garbage next to it. There are at any time between six and ten automobiles in the front yard and on the street. At all times there has been a maroon Volkswagon Jetta, brown Dodge van and yellow Chevrolet Impala in the front yard.

However, in three places in paragraph V of the same affidavit the address of the suspected place appears as 5123 Van Fleet. Paragraph V of the affidavit states the facts giving probable cause to issue the search warrant. The facts were essentially that a credible and reliable informant had given information to officers that he had observed appellant and other unknown persons sell large amounts of cocaine in the residence. The residence in this paragraph was described as 5123 Van Fleet. The search and arrest warrant commanded the serving officer to search 5126 Van Fleet and again described the residence in the same detail indicated in the affidavit. The warrant incorporates the affidavit by reference.

The warrant was issued July 31, 1992, and appellant was arrested on August 3, 1992, at 5126 Van Fleet pursuant to the warrant.

■ In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State,* 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). As a basis for ruling

on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness' testimony, and the appellate court is not at liberty to disturb any finding supported by the record. *Rivera v. State,* 808 S.W.2d 80, 96 (Tex.Crim.App.1991), *cert. denied,* 502 U.S. 902, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991). Furthermore, unless there is a clear showing of abuse of discretion, a trial court's ruling on the admissibility of the evidence should not be reversed. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

■ Technical discrepancies in dates or times do not automatically invalidate a search warrant. *Green v. State,* 799 S.W.2d 756, 757 (Tex.Crim.App.1990); *Lyons v. State,* 503 S.W.2d 254, 255–56 (Tex.Crim.App. 1973). In *Green,* the dispute involved a date in the warrant. The State failed to offer any proof about the error. The trial court denied defendant's motion to suppress. The Court of Criminal Appeals reversed the trial court's order because the State had failed to offer evidence to corroborate the claim of typographical error. Although this case involves a discrepancy in the description of the place to be searched rather than a date or time, we believe the reasoning in *Green* is applicable. The Court of Criminal Appeals in *Green* stated:

> When the question on appeal relates to descriptive facts supporting the probable cause determination, a reviewing court may logically look behind the warrant to the supporting affidavit. But, the same may not be said for all so-called "technical defects" acknowledged by the State. Due to the nature of such errors, this court has held such defects to be cured by explanatory testimony.

*Green,* 799 S.W.2d at 760.

■ In this case, Agent Evers testified that showing the residence as being 5123 Van Fleet instead of correctly showing it as 5126 Van Fleet, was a typographical error. Given this testimony, the trial court could have reasonably concluded that the discrepancy between 5123 and 5126 was an inadvertent clerical mistake and did not vitiate the search warrant. *See Rios v. State,* 901 S.W.2d 704,

707 (Tex.App.—San Antonio 1995, no pet.); *State v. James*, 848 S.W.2d 258, 261 (Tex. App. Beaumont 1993, no pet.). We overrule appellant's point of error number one.

The judgment of the trial court is affirmed.