**Richard James WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 14–94–00215–CR, 14–94–00216–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1996.

Maggie McBride, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before YATES, FOWLER and EDELMAN, JJ.

## OPINION

YATES, Justice.

Appellant pled no contest, pursuant to a plea bargain agreement, to separate indictments of possession of marijuana and failure to pay taxes on controlled substances. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 1992); TEX. TAX CODE ANN. § 159 (Vernon 1982).[1] In accordance with the plea

---

1. The crimes for which appellant was convicted were committed before September 1, 1994, the effective date of the revised health & safety code and the revised tax code. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 2.02(b), 1993 Tex. Gen. Laws 3589, 3708. Therefore, all refer-

bargain agreement, the trial court found him guilty and assessed punishment in both cases at seven years confinement in the Institutional Division of the Texas Department of Criminal Justice. In two points of error, appellant asserts the trial court erred in denying his motion to suppress evidence based on infirmities in the search warrant, namely: (1) the search warrant contained an insufficient description of the premises; and (2) the search warrant had expired prior to its execution. We affirm.

■ In reviewing a decision on a motion to suppress, the appellate court must review the evidence in the light most favorable to the trial court's ruling. *Reyes v. State*, 899 S.W.2d 319, 322 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd); *State v. Hamlin*, 871 S.W.2d 790, 792 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). At a suppression hearing, the trial judge is the sole judge of the witness' credibility, and the court's finding should not be disturbed absent a clear abuse of discretion. *Meek v. State*, 790 S.W.2d 618, 620 (Tex.Crim.App.1990); *Reyes*, 899 S.W.2d at 322. A trial court clearly abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993).

In his first point of error, appellant contends the description in the warrant was not sufficiently descriptive of the location of his apartment in violation of Article 18.04(2) of the Texas Code of Criminal Procedure. Article 18.04(2) requires that the search warrant identify, as near as possible, the place to be searched. TEX.CODE CRIM. PROC. ANN. art. 18.04(2) (Vernon 1977). Appellant complains the warrant is defective because: (1) the street address was incorrect; (2) it did not show the number of his apartment; and (3) the color of the apartment differed from the color cited in the warrant.

■ In testing the sufficiency of the warrant, we eliminate the individualized, supple-

mentary knowledge of the officer executing the warrant. *Lindley v. State*, 855 S.W.2d 723, 725 (Tex.App.—Tyler 1991, pet. granted). The warrant must be sufficient on its face to enable any executing officer to locate and distinguish the property, avoiding a reasonable probability of mistaken execution. *Mason v. State*, 838 S.W.2d 657, 660 (Tex. App.—Corpus Christi 1992, pet. ref'd).

■ Here, the warrant stated the apartment address to be 10222 Forum West. In reality, the apartment address was 10210 Forum West, and the address in the warrant was that of the rental office. In addition, the affidavit did not contain the number of the apartment, because the apartment door does not display any numbers. Appellant concedes that an incorrect address alone will not defeat the search warrant. *Olivas v. State*, 631 S.W.2d 553, 556 (Tex.App.—El Paso 1982, no pet.). Moreover an officer's affidavit in support of a search warrant will override the incorrect numerical address where the affidavit is so descriptively detailed as to give a reasonably prudent law enforcement officer affirmative confidence in continuing its execution. *State v. James*, 848 S.W.2d 258 (Tex.App.—Beaumont 1993, no pet.). The affidavit in support of the search warrant read, in pertinent part, as follows:

> There is in Houston, Harris County, Texas, a suspected place and premise described and located as follows: 10222 Forum West. 10222 Forum West is a[sic] apartment complex known as the Forum Apartments. These apartments are described as having green trim and green wood siding. Located inside of this apartment complex is an apartment which does not display any numbers. This unknown numbered apartment is located in the building that houses apartments # 201–240. This unknown numbered apartment is located on the third floor facing south. This unknown numbered apartment sits directly above apartment # 228. This unknown numbered apartment sits directly in front of apartment # 229, and immediately to the east of apartment # 231. This un-

ences to the health & safety code, and the tax code are to the codes as in effect at the time the

crimes were committed.

known numbered apartment has a green door with white trim.

Additional evidence presented at the hearing on appellant's motion to suppress reflects that appellant's apartment building is located on the same grounds as the apartment rental office. The affidavit clearly identified the building in which appellant's apartment is located and specifically described the location of the apartment within that building. We find the warrant sufficiently descriptive of the apartment's location as to overcome the incorrect street address and the lack of apartment number.

Appellant also complains the warrant is defective because the color of the apartment on the affidavit differed from the actual color of the apartment. At the hearing on his motion to suppress appellant exhibited color photographs of the apartment. However, appellant did not include color photographs in his record on appeal. Appellant has the burden to see that a sufficient record is presented on appeal to show error requiring reversal. TEX.R.APP. P. 50(d). Because the record on appeal is unclear as to the actual color of the apartment, we defer to the trial court's factual determination. Appellant's first point of error is overruled.

In his second point of error, appellant argues the trial court erred in denying his motion to suppress the search warrant because the warrant expired before the officers executed it. The warrant was issued on November 5, 1993, and executed on November 9, 1993. Article 18.06(a) of the Texas Code of Criminal Procedure provides that a search warrant must be executed within three days, unless the period is shortened by the magistrate. TEX.CODE CRIM. PROC. ANN. art. 18.06(a) (Vernon 1977). Furthermore, Article 18.07 of the code specifies the time period as three days, exclusive of the day of its issuance and of the day of its execution. *Id.* art. 18.07.

█ If a warrant is not executed within the time period provided by Articles 18.06 and 18.07, it becomes "functus officio", having no further official force or effect. *Green v. State,* 799 S.W.2d 756, 759 (Tex.Crim.App. 1990). Therefore, any search whose legality depends on the warrant is unauthorized. *Id.*

In this case, the warrant provided for execution within three days "exclusive of the day of its execution." Appellant acknowledges the police executed the warrant within the three days permissible under Article 18.07. However, appellant contends that by omitting the phrase, "exclusive of the day of its issuance," the magistrate took the warrant out of Article 18.07, and created a shorter time period within which the police could execute the warrant. In other words, appellant argues the warrant issued on November 5 and expired on November 8, one day before its actual execution.

Confronted with the identical language, the First Court of Appeals determined the magistrate shortened the time period in which the police could execute an arrest and search warrant. *Blackmon v. State,* 786 S.W.2d 467, 469 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). However, *Blackmon* implied that the language in the warrant did not control over the time previously approved by that court for executing a search warrant. *Id.* (citing *Gonzalez v. State,* 768 S.W.2d 436 (Tex.App.—Houston [1st Dist.] 1989, no pet.)).

█ In interpreting affidavits and search warrants, magistrates and courts must do so in a common sense and realistic fashion and avoid hypertechnical analysis. *Faulkner v. State,* 537 S.W.2d 742, 744 (Tex. Crim.App.1976); *State v. Saldivar,* 798 S.W.2d 872, 874 (Tex.App.—Austin 1990, pet. ref'd). In this case, the magistrate did not mention whether the date of issuance was included or excluded. Therefore, a common sense analysis indicates that the statutory definition controls. The inclusion of the term "exclusive of the date of execution" was unnecessary because by statute the day of execution was already excluded. Therefore, inclusion of this term in the warrant cannot be construed as an intent on the part of the magistrate to shorten the three-day period provided by law.

Finally, because the magistrate stated the warrant was to be executed "within three days" as provided in Art. 18.06, we cannot say he directed the warrant be executed within a shorter period than provided by law.

To interpret the language any other way requires a hypertechnical reading of the warrant, in contrast to the common sense and realistic interpretation required.

Because the warrant was executed within the time provided by statute, and because we find no intent on the part of the magistrate to shorten the time allowed, the trial court did not err in overruling appellant's motion to suppress. Appellant's second point of error is overruled.

Accordingly, we affirm the judgment of the court below.