NO. 07-03-0458-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 22, 2005


______________________________



JERRY DALE JENKINS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 100TH DISTRICT COURT OF HALL COUNTY;



NO. 3247; HON. DAVID M. MCCOY, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant, Jerry Dale Jenkins, appeals his conviction for possessing a controlled
substance (cocaine) with intent to deliver. In 11 issues, he contends that 1) he was
subjected to double jeopardy in violation of the federal and state constitutions, 2) the trial
court erred in refusing to grant his motion to suppress evidence obtained pursuant to an
invalid search warrant, 3) the affidavit attached to the search warrant was insufficient to
establish probable cause, 4) the trial court erred in overruling his objections to the court's
charge during the guilt/innocence phase, 5) the trial court erred in refusing to grant his
motion to suppress because the affidavit in support of the warrant contained misstatements
resulting from an intentional or reckless disregard for the truth, 6) the evidence is legally
and factually insufficient to support the jury's finding that the officers acted in good faith
reliance on the search warrant and that the misstatements resulted from simple negligence
or inadvertence, and 7) the evidence is legally and factually insufficient to support the
verdict. We affirm the judgment.

Background


 Memphis Police Chief Gary Gunn found Caesar Samaniego in possession of stolen
tools and, in exchange for leniency with respect to that crime, arranged for Samaniego to
purchase cocaine from appellant. The next day, Gunn met Samaniego, searched him and
his vehicle, gave him two $20 bills that had been photocopied, followed him to appellant's
house, and watched Samaniego enter and exit the house and drive away. Thereafter,
Gunn followed Samaniego to a predetermined location and received two rocks of cocaine
from him. 

 Gunn then signed an affidavit in support of a warrant to search appellant's residence
for "methamphetamines and other narcotics." The affidavit also described the drug
transaction alluded to in the preceding paragraph and Samaniego's ability to recognize
"methamphetamine" because he had used it before. 

 The search warrant was issued based upon the affidavit of Gunn and executed. 
When the latter occurred, appellant was found in the residence along with two young
women. So too was a plastic bag with crack cocaine found floating in the toilet. Further
inspection of the toilet revealed that it was not bolted to the floor. Thus, it was removed
from its location, and this resulted in the discovery of a bag of cocaine in the underlying
pipe. 

Issues 1 and 2 - Double Jeopardy


 In his first two issues, appellant argues he was subjected to double jeopardy in
violation of the United States and Texas Constitutions. (1) We overrule the issues.

 The substance of appellant's argument involves the failure of the State to "properly
file the second page of the 'Inventory and Return' for the 'Search Warrant' in this matter."
The omission was discovered by the prosecutor the day after the jury was impaneled, and
appellant was told of it that morning. Thereafter, appellant moved for a mistrial in order to
develop additional defenses. The motion was granted. Later, another jury was impaneled,
which jury eventually convicted appellant of the charged offense. Appellant now argues
that jeopardy attached when the trial court granted the mistrial after the first jury was
impaneled. Thus, he could not again be tried for the charged offense. We disagree. 

 The second page of the inventory contained one of the $20 bills that had been given
to Samaniego for use in the drug buy. Furthermore, defense counsel admitted that he
previously "looked" at, and therefore "understood," what was recovered during the search,
which included the $20 bill listed on the second page. 

 Absent prosecutorial misconduct, double jeopardy does not bar a subsequent trial
when the first one resulted in a mistrial sought by the defendant. Ex parte Peterson, 117
S.W.3d 804, 810-11 (Tex Crim. App. 2003). Furthermore, the prosecutorial misconduct
contemplated in the rule consists of more than inadvertence, sloppiness, negligence or
blunder, even though same may result in prejudice. Id. at 817. 

 While there is evidence that the prosecutor failed to give appellant the second page
of the inventory prior to trial, there is no evidence that he did so deliberately or recklessly. 
Again, the prosecutor represented to the trial court that he did not know about the second
page until informed of its existence after the jury was impaneled. Moreover, when the
discovery was made, he immediately informed appellant's counsel of it. Given this, one
could reasonably liken the omission to inadvertence or blunder. And, since that type of
conduct does not resurrect the double jeopardy bar, the trial court did not err in refusing to
sustain appellant's double jeopardy plea.

Issues 3 and 4 - Validity of Search Warrant


 In his third and fourth issues, appellant alleges that the trial court should have
granted his motion to suppress evidence obtained pursuant to the search warrant because
the warrant was invalid. We overrule the issues.

 The search warrant was allegedly invalid because 1) it failed to disclose "the person,
place and thing" to be searched, and 2) it was not properly sealed and lacked the proper
certification. To the extent that statute requires one to name or describe the person, place
or thing to be searched, see Tex. Code Crim. Proc. Ann. art. 18.04(2) (Vernon 1977)
(requiring same), that information was contained in the affidavit executed by Gunn in
support of the warrant. Furthermore, the warrant expressly incorporated the affidavit by
reference. Given these circumstances, the State did not fail to comply with the
requirements of art. 18.04(2), and the warrant was not invalid. See Ashcraft v. State, 934
S.W.2d 727, 735 (Tex. App.-Corpus Christi 1996, pet. ref'd) (holding that a warrant that
fails to name the persons, place, or items to be searched is not invalid where the
information is contained within an affidavit that is incorporated, by reference, into the
warrant). 

 As to the matter of certification and seal, we note that ministerial violations of the
statutes regulating the issuance of search warrants do not invalidate the warrant in the
absence of a showing of prejudice. State v. Tipton, 941 S.W.2d 152, 155 (Tex. App.-
Corpus Christi 1996, pet. ref'd); Robles v. State, 711 S.W.2d 752, 753 (Tex. App.-San
Antonio 1986, pet. ref'd). So, assuming arguendo that the warrant was required to be
certified and sealed as appellant contended, it matters not since he failed to allege or show
prejudice arising from the omissions. 

Issues 5 and 7 - Suppression of Illegal Warrant 


 Appellant argues in his fifth and seventh issues that the trial court erred in failing to
suppress the evidence obtained as a result of executing the search warrant because 1) the
affidavit supporting the issuance of the warrant was insufficient to establish probable cause,
2) the misstatements contained in the affidavit were intentionally or recklessly uttered, and
3) the reliability of the hearsay declarant was not established in the affidavit because it did
not illustrate that he was familiar with methamphetamine. We overrule the issues.

 Each contention is premised on the fact that the affiant, Gary Gunn, substituted the
word "methamphetamine" for "cocaine" in the affidavit. Yet, at the hearing upon appellant's
motion to suppress, Gunn testified that "crack cocaine," not methamphetamine, was the
drug Samaniego believed he could and did buy from appellant. So too did he say that the
local district attorney prepared the affidavit, that he (Gunn) "probably" used the slang term
for cocaine (i.e. "crack") when informing the district attorney of the substance involved, that
the slang term for methamphetamine was "crank," that he did not read the affidavit as
closely as he should have, that he meant cocaine instead of methamphetamine, that the
substitution of "methamphetamine" for "cocaine" was a mistake, that the mistake was not
deliberate, and that he did not "catch that mistake." Thereafter, the trial court concluded,
in open court, that the mistake was not the result of recklessness. (2)

 A misstatement in an affidavit resulting from simple negligence or inadvertence does
not render the affidavit invalid. Dancy v. State, 728 S.W.2d 772, 783 (Tex. Crim. App.
1987). Given the foregoing testimony and the similarity between the terms "crack" and
"crank" and the different drugs each describes, evidence existed upon which the trial court
could have reasonably concluded that the reference to methamphetamine instead of
cocaine was merely inadvertent. Indeed, the trial court was the sole trier of fact and
whether to credit Gunn's testimony lay within its authority. See Champion v. State, 919
S.W.2d 816, 818-19 (Tex. App.-Houston [14th Dist. 1996, pet. ref'd) (based on testimony
that the use of an incorrect address in multiple places in the affidavit was a typographical
error, the court could have reasonably concluded it was the result of an inadvertent clerical
error); Rios v. State, 901 S.W.2d 704, 707 (Tex. App.-San Antonio 1995, no pet.) (based
on testimony that the use of the word "vehicle" instead of "premises" as the place to be
searched was a clerical error and the preparer did not proof the warrant after it was printed,
the court could have reasonably concluded the use was an inadvertent clerical mistake). 
Thus, we cannot say that the trial court abused its discretion in rejecting the attacks
encompassed by these points of error.

Issue 6 - Jury Charge


 Appellant contends in his sixth issue that the trial court erred in overruling his
objections to the jury charge. Because this issue went unbriefed, it was waived, however. 
Cardenas v. State, 30 S.W.3d 384, 386 n.2 (Tex. Crim. App. 2000). 

Issues 8 and 9 - Legal and Factual Sufficiency of Negligence Finding


 Appellant's issues 8 and 9 concern the jury's implicit finding that the officers
searching the residence acted in objective good faith reliance upon a warrant and that any
mistake in the affidavit resulted from simple negligence or inadvertence. He posits that the
findings lack legally and factually sufficient evidentiary support. We overrule the issues.

 The standards by which we review legal and factual sufficiency are well established. 
We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979), Sims v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d
589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000) for
an explanation of them.

 Next, during trial, Gunn again testified that 1) the use of the word
"methamphetamine" instead of "cocaine" in the affidavit was a mistake and not done
deliberately, 2) both drugs were controlled substances prohibited by the same statute with
the same degree of penalty, and 3) both substances can also be white powdery looking
substances with one having the slang name "crack" and the other having the slang name
"crank." While appellant argued that the word "methamphetamine" was used in order to
create probable cause so a warrant could be obtained, the use of the word "cocaine" would
have achieved the same result. Furthermore, nothing of record indicates that Gunn had
anything to gain by using the name of the wrong controlled substance and, therefore, a
reasonable trier of fact could have found beyond a reasonable doubt that the misstatement
was merely negligent and that the officers relied in objective good faith on the warrant when
searching appellant's residence. Further, the findings are neither manifestly unjust or
contrary to the overwhelming weight of the evidence. 

Issues 10 and 11 - Legal and Factual Sufficiency


 In his final two issues, appellant contests the legal and factual sufficiency of the
evidence to sustain the verdict. We overrule the issues.

 Appellant's arguments are founded upon the contention that the evidence of cocaine
should have been suppressed given the purported deficiencies in the affidavit which we
addressed in the prior issues. Yet, having found that the trial court did not err in refusing
to suppress the evidence, the basis for appellant's argument is non-existent. Thus, we
cannot but reject his allegations. 

 Accordingly, the judgment is affirmed.


 Brian Quinn 

 Justice

 

Do not publish.
1. Appellant does not present separate authority for the two issues, and we will therefore address them
together. 
2. It did not address whether the mistake was intentional for appellant was not arguing that it was.