NO. 07-03-0458-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 22, 2005

_____

JERRY DALE JENKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 3247; HON. DAVID M. MCCOY, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Jerry Dale Jenkins, appeals his conviction for possessing a controlled substance (cocaine) with intent to deliver. In 11 issues, he contends that 1) he was subjected to double jeopardy in violation of the federal and state constitutions, 2) the trial court erred in refusing to grant his motion to suppress evidence obtained pursuant to an invalid search warrant, 3) the affidavit attached to the search warrant was insufficient to establish probable cause, 4) the trial court erred in overruling his objections to the court's charge during the guilt/innocence phase, 5) the trial court erred in refusing to grant his motion to suppress because the affidavit in support of the warrant contained misstatements

resulting from an intentional or reckless disregard for the truth, 6) the evidence is legally and factually insufficient to support the jury's finding that the officers acted in good faith reliance on the search warrant and that the misstatements resulted from simple negligence or inadvertence, and 7) the evidence is legally and factually insufficient to support the verdict. We affirm the judgment.

## *Background*

Memphis Police Chief Gary Gunn found Caesar Samaniego in possession of stolen tools and, in exchange for leniency with respect to that crime, arranged for Samaniego to purchase cocaine from appellant. The next day, Gunn met Samaniego, searched him and his vehicle, gave him two $20 bills that had been photocopied, followed him to appellant's house, and watched Samaniego enter and exit the house and drive away. Thereafter, Gunn followed Samaniego to a predetermined location and received two rocks of cocaine from him.

Gunn then signed an affidavit in support of a warrant to search appellant's residence for "methamphetamines and other narcotics." The affidavit also described the drug transaction alluded to in the preceding paragraph and Samaniego's ability to recognize "methamphetamine" because he had used it before.

The search warrant was issued based upon the affidavit of Gunn and executed. When the latter occurred, appellant was found in the residence along with two young women. So too was a plastic bag with crack cocaine found floating in the toilet. Further inspection of the toilet revealed that it was not bolted to the floor. Thus, it was removed from its location, and this resulted in the discovery of a bag of cocaine in the underlying pipe.

2

### *Issues 1 and 2 - Double Jeopardy*

In his first two issues, appellant argues he was subjected to double jeopardy in violation of the United States and Texas Constitutions.[1] We overrule the issues.

The substance of appellant's argument involves the failure of the State to "properly file the second page of the 'Inventory and Return' for the 'Search Warrant' in this matter." The omission was discovered by the prosecutor the day after the jury was impaneled, and appellant was told of it that morning. Thereafter, appellant moved for a mistrial in order to develop additional defenses. The motion was granted. Later, another jury was impaneled, which jury eventually convicted appellant of the charged offense. Appellant now argues that jeopardy attached when the trial court granted the mistrial after the first jury was impaneled. Thus, he could not again be tried for the charged offense. We disagree.

The second page of the inventory contained one of the $20 bills that had been given to Samaniego for use in the drug buy. Furthermore, defense counsel admitted that he previously "looked" at, and therefore "understood," what was recovered during the search, which included the $20 bill listed on the second page.

Absent prosecutorial misconduct, double jeopardy does not bar a subsequent trial when the first one resulted in a mistrial sought by the defendant. *Ex parte Peterson,* 117 S.W.3d 804, 810-11 (Tex Crim. App. 2003). Furthermore, the prosecutorial misconduct contemplated in the rule consists of more than inadvertence, sloppiness, negligence or blunder, even though same may result in prejudice. *Id.* at 817.

---

[1]Appellant does not present separate authority for the two issues, and we will therefore address them together.

While there is evidence that the prosecutor failed to give appellant the second page of the inventory prior to trial, there is no evidence that he did so deliberately or recklessly. Again, the prosecutor represented to the trial court that he did not know about the second page until informed of its existence after the jury was impaneled. Moreover, when the discovery was made, he immediately informed appellant's counsel of it. Given this, one could reasonably liken the omission to inadvertence or blunder. And, since that type of conduct does not resurrect the double jeopardy bar, the trial court did not err in refusing to sustain appellant's double jeopardy plea.

### Issues 3 and 4 - Validity of Search Warrant

In his third and fourth issues, appellant alleges that the trial court should have granted his motion to suppress evidence obtained pursuant to the search warrant because the warrant was invalid. We overrule the issues.

The search warrant was allegedly invalid because 1) it failed to disclose "the person, place and thing" to be searched, and 2) it was not properly sealed and lacked the proper certification. To the extent that statute requires one to name or describe the person, place or thing to be searched, *see* TEX. CODE CRIM. PROC. ANN. art. 18.04(2) (Vernon 1977) (requiring same), that information was contained in the affidavit executed by Gunn in support of the warrant. Furthermore, the warrant expressly incorporated the affidavit by reference. Given these circumstances, the State did not fail to comply with the requirements of art. 18.04(2), and the warrant was not invalid. *See Ashcraft v. State,* 934 S.W.2d 727, 735 (Tex. App.–Corpus Christi 1996, pet. ref'd) (holding that a warrant that fails to name the persons, place, or items to be searched is not invalid where the

4

information is contained within an affidavit that is incorporated, by reference, into the warrant).

As to the matter of certification and seal, we note that ministerial violations of the statutes regulating the issuance of search warrants do not invalidate the warrant in the absence of a showing of prejudice. *State v. Tipton,* 941 S.W.2d 152, 155 (Tex. App.–Corpus Christi 1996, pet. ref'd); *Robles v. State,* 711 S.W.2d 752, 753 (Tex. App.–San Antonio 1986, pet. ref'd). So, assuming *arguendo* that the warrant was required to be certified and sealed as appellant contended, it matters not since he failed to allege or show prejudice arising from the omissions.

### Issues 5 and 7 - Suppression of Illegal Warrant

Appellant argues in his fifth and seventh issues that the trial court erred in failing to suppress the evidence obtained as a result of executing the search warrant because 1) the affidavit supporting the issuance of the warrant was insufficient to establish probable cause, 2) the misstatements contained in the affidavit were intentionally or recklessly uttered, and 3) the reliability of the hearsay declarant was not established in the affidavit because it did not illustrate that he was familiar with methamphetamine. We overrule the issues.

Each contention is premised on the fact that the affiant, Gary Gunn, substituted the word "methamphetamine" for "cocaine" in the affidavit. Yet, at the hearing upon appellant's motion to suppress, Gunn testified that "crack cocaine," not methamphetamine, was the drug Samaniego believed he could and did buy from appellant. So too did he say that the local district attorney prepared the affidavit, that he (Gunn) "probably" used the slang term for cocaine (*i.e.* "crack") when informing the district attorney of the substance involved, that

the slang term for methamphetamine was "crank," that he did not read the affidavit as closely as he should have, that he meant cocaine instead of methamphetamine, that the substitution of "methamphetamine" for "cocaine" was a mistake, that the mistake was not deliberate, and that he did not "catch that mistake." Thereafter, the trial court concluded, in open court, that the mistake was not the result of recklessness.[2]

A misstatement in an affidavit resulting from simple negligence or inadvertence does not render the affidavit invalid. *Dancy v. State,* 728 S.W.2d 772, 783 (Tex. Crim. App. 1987). Given the foregoing testimony and the similarity between the terms "crack" and "crank" and the different drugs each describes, evidence existed upon which the trial court could have reasonably concluded that the reference to methamphetamine instead of cocaine was merely inadvertent. Indeed, the trial court was the sole trier of fact and whether to credit Gunn's testimony lay within its authority. *See Champion v. State,* 919 S.W.2d 816, 818-19 (Tex. App.–Houston [14th Dist. 1996, pet. ref'd) (based on testimony that the use of an incorrect address in multiple places in the affidavit was a typographical error, the court could have reasonably concluded it was the result of an inadvertent clerical error); *Rios v. State,* 901 S.W.2d 704, 707 (Tex. App.–San Antonio 1995, no pet.) (based on testimony that the use of the word "vehicle" instead of "premises" as the place to be searched was a clerical error and the preparer did not proof the warrant after it was printed, the court could have reasonably concluded the use was an inadvertent clerical mistake). Thus, we cannot say that the trial court abused its discretion in rejecting the attacks encompassed by these points of error.

---

[2]It did not address whether the mistake was intentional for appellant was not arguing that it was.

### Issue 6 - Jury Charge

Appellant contends in his sixth issue that the trial court erred in overruling his objections to the jury charge. Because this issue went unbriefed, it was waived, however. *Cardenas v. State,* 30 S.W.3d 384, 386 n.2 (Tex. Crim. App. 2000).

### Issues 8 and 9 - Legal and Factual Sufficiency of Negligence Finding

Appellant's issues 8 and 9 concern the jury's implicit finding that the officers searching the residence acted in objective good faith reliance upon a warrant and that any mistake in the affidavit resulted from simple negligence or inadvertence. He posits that the findings lack legally and factually sufficient evidentiary support. We overrule the issues.

The standards by which we review legal and factual sufficiency are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Next, during trial, Gunn again testified that 1) the use of the word "methamphetamine" instead of "cocaine" in the affidavit was a mistake and not done deliberately, 2) both drugs were controlled substances prohibited by the same statute with the same degree of penalty, and 3) both substances can also be white powdery looking substances with one having the slang name "crack" and the other having the slang name "crank." While appellant argued that the word "methamphetamine" was used in order to create probable cause so a warrant could be obtained, the use of the word "cocaine" would have achieved the same result. Furthermore, nothing of record indicates that Gunn had anything to gain by using the name of the wrong controlled substance and, therefore, a

7

reasonable trier of fact could have found beyond a reasonable doubt that the misstatement was merely negligent and that the officers relied in objective good faith on the warrant when searching appellant's residence. Further, the findings are neither manifestly unjust or contrary to the overwhelming weight of the evidence.

### *Issues 10 and 11 – Legal and Factual Sufficiency*

In his final two issues, appellant contests the legal and factual sufficiency of the evidence to sustain the verdict. We overrule the issues.

Appellant's arguments are founded upon the contention that the evidence of cocaine should have been suppressed given the purported deficiencies in the affidavit which we addressed in the prior issues. Yet, having found that the trial court did not err in refusing to suppress the evidence, the basis for appellant's argument is non-existent. Thus, we cannot but reject his allegations.

Accordingly, the judgment is affirmed.


Brian Quinn
Justice


Do not publish.

8