Affirmed and Memorandum Opinion filed September 29, 2005









Affirmed
and Memorandum Opinion filed September 29, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00398-CR

____________

 

RAYMOND OSWALD LEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 949,732

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Raymond Oswald Lee, was convicted by a jury of the
felony offense of possession of a controlled substance, namely cocaine, with
intent to deliver.  See Tex. Health & Safety Code Ann. ' 481.112 (Vernon 2003).  Considering two enhancements for prior felony
convictions, the trial court subsequently sentenced appellant to thirty-five
years= confinement in the Texas Department
of Criminal Justice, Institutional Division. 
In his sole point of error, appellant complains the trial court erred in
denying his motion to suppress the evidence because the warrant used by the
police to seize the contraband at issue listed an incorrect apartment number
and, therefore, was allegedly invalid. 
We affirm.








On May 21, 2003, Officer Kenneth Wiltz of
the Houston Police Department, acting on a tip from a reliable confidential
informant, arranged for the informant to make a controlled purchase of
narcotics at a residence in Houston.  Specifically,
the informant placed a telephone call to a man known as ATriple C,@ later identified
as appellant, and requested twenty dollars of cocaine.  Appellant instructed the informant to drive
to appellant=s apartment, and he would make the
transaction there.  Subsequently, Wiltz
searched the informant=s vehicle to ensure it contained no
narcotics and gave the informant twenty dollars of city-issued investigative
funds.  The informant drove to appellant=s residence,
followed by Wiltz in an unmarked vehicle. 
Wiltz parked on the street and observed appellant exit the residence,
approach the informant=s vehicle, exchange one rock of crack
cocaine for a twenty-dollar bill, and walk back inside the residence.[1]

Based on this information, Wiltz obtained a search and
arrest warrant.  The warrant described
the premises to be searched as follows:

4402 Kay Circle
#1, Houston, Harris County, Texas.  Said
residence and surrounding curtilage is more particularly described as a single
story apartment complex, white in color with green trim.  This residence is on the south side of Kay
Circle.  This apartment is on the West
Side [sic] and faces west.  The door is
white in color with glass pains [sic] in the upper center portion of the
door.  The residence is in control of a
black male known as triple c [sic].








The following day, May 22, Wiltz and
several other narcotics officers staged another drug purchase to ensure
appellant would be at the residence. 
When they arrived they found appellant sitting in his vehicle and
immediately apprehended him with 3.1 grams of cocaine in his pocket.  Wiltz and two other officers then entered the
residence through the door that appellant had been previously observed enteringCthe door with no
numerical marking.  Once inside the
apartment, the officers discovered 7.2 grams of cocaine on a nightstand in the
bedroom and 22.1 grams of marijuana in a dresser drawer.  They also found a Lorsin pistol and four
hundred dollars cash in a nearby safe.  

Subsequently, appellant was arrested and
charged with possession with intent to deliver cocaine, weighing more than four
grams and less than two hundred grams. 
Prior to trial, appellant=s counsel filed a
motion to suppress the evidence obtained during the search of the
residence.  The trial court conducted a
hearing on the issue, but overruled appellant=s motion.

In his sole point of error, appellant argues
the trial court erred in overruling his motion to suppress.  Specifically, he contends the warrant was
ineffective because it listed an incorrect address.  Accordingly, he concludes the court should
have suppressed the evidence recovered from inside his apartment.[2]  We disagree.

In reviewing a ruling on a motion to
suppress evidence, an appellate court views the evidence in the light most
favorable to the trial court=s ruling.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  Thus, on appeal, an
appellate court must decide whether the record supports the ruling made by the
trial court.  Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996). 
An appellate court must sustain the trial court=s ruling if it is
reasonably supported by the record and will only reverse if the court=s decision was a
clear abuse of discretion.  Id. 








Generally, both the United States
Constitution and the Texas Constitution prohibit searches without a warrant
describing the particular place to be searched. 
U.S. Const. amend. IV; Tex. Const. art. I, ' 9.  The Texas Court of Criminal Appeals recently
noted, in Long v. State, the constitutional objectives of requiring a
particular description of the place to be searched.  132 S.W.3d 443, 447 (Tex. Crim. App.
2004).  The court explained the requirement
is meant to: (1) ensure officers search the correct place; (2) confirm that
probable cause exists to search the particular place; (3) limit officer=s discretion and
narrow the search; (4) minimize mistaken searches of innocent individuals; and
(5) inform the owner of officers= authority to
search that specific location.  Id.

Article 18.04(2) of the Code of Criminal
Procedure further codifies this objective and provides that a search warrant
must identify, as near as possible, the place to be searched.  Tex.
Code Crim. Proc. Ann. art. 18.04(2) (Vernon 2005).  However, A[m]inor
discrepancies will not vitiate a warrant if it sufficiently describes the
premises.@  Smith v. State, 962 S.W.2d 178, 185 (Tex. App.CHouston [1st Dist.] 1998,
pet. ref=d); see also Olivas v. State, 631 S.W.2d 553,
555 (Tex. App.CEl Paso 1982, no pet.) (ATechnical
discrepancies in the descriptive portions of a search warrant will not
automatically vitiate the warrant=s validity.@).  Ultimately, the test for determining the
sufficiency of a search warrant=s description of
the place to be searched is whether the description sufficiently apprises
police of where they are to conduct the search.  Haynes v. State, 475 S.W.2d 739, 740
(Tex. Crim. App. 1972); Smith, 962 S.W.2d at 185.

Where the warrant describes a multi-unit
dwelling, the description must contain sufficient guidelines for the executing
officer to locate and distinguish the property from other places in the
community.  Id.  An incorrect address alone will not
automatically invalidate a search warrant. 
Smith, 962 S.W.2d at 185; Williams v.
State, 928 S.W.2d 752, 754 (Tex. App.CHouston [14th
Dist.] 1996), aff=d on other
grounds, 965 S.W.2d 506 (Tex. Crim. App. 1998). 
AAn officer=s affidavit in
support of a search warrant will override the incorrect numerical address where
the affidavit is so descriptively detailed as to give a reasonably prudent law
enforcement officer affirmative confidence in continuing its execution.@  Williams, 928 S.W.2d at 754.








Appellant contends the search warrant in
this case was invalid because it authorized a search of 4402 Kay Circle #1,
whereas the residence that was actually searched was 4402 Kay Circle #3.  However, when the description of the
residence is reviewed in its entirety, we do not believe this technical defect
would have significantly impaired an officer from locating and distinguishing
the residence from other places in the apartment complex.  First, Wiltz personally observed the drug
transaction and watched appellant enter the particular unit that was ultimately
searched.  Significantly, he personally
executed the warrant and, therefore, knew exactly which location was meant to
be searched.  This rectified any
technical discrepancy in the warrant=s incorrect
address-listing.[3]









More importantly, the incorrect street
address does not invalidate the search warrant in this instance because Wiltz
provided a sufficient description of the residence to apprise officers of its
location.  See Smith, 962 S.W.2d
at 185; Williams, 928 S.W.2d at 755. 
The warrant undisputedly lists an incorrect addressCunit #1 instead of
#3.  However, it also describes appellant=s precise
residence in ample detail.  Specifically,
it  explains the dwelling is a single
story apartment complex, white in color with green trim.  It also provides the exact directional
location of appellant=s apartmentCon the south side
of Kay Circle on the west side of the building facing west.  Finally, it provides that the unit has a
white door with glass panes in the upper center portion.  Wiltz testified at the suppression hearing
that the residence was distinguishable because no other doors at 4402 Kay
Circle have glass panes.  He further
explained the reason he listed the address as A4402 Kay Circle #1@ is because the
residence has no marking other than the street address and the number A1.@  Thus, he was providing as much detail about
the residence as was readily discernable.[4]  

When viewed in its entirety, the
description adequately identifies, as near as possible, the location of
the residence and was sufficient to overcome the incorrect numerical
address.  See Tex. Code Crim. Proc. Ann. art.
18.04(2); Williams, 928 S.W.2d at 754. 
Combined with the executing officer=s personal
knowledge,  the warrant satisfied the
constitutional and statutory objectives of requiring a particular description
of the place to be searched. 
Accordingly, the trial court did not err in denying appellant=s motion to
suppress. We overrule appellant=s sole point of
error.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 29, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The record
indicates appellant exited the building through one doorCframed by a number A1@Cand re-entered the building through another door with
no number or marking.





[2]  The State
contends appellant waived his complaint because his written motion to suppress
relied upon different grounds.  In fact,
appellant argued in his motion to suppress that his arrest was contrary to
chapter 14 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 14.01B.06
(Vernon 2005) (governing warrantless arrests). 
Therefore, he concluded the evidence used to secure his conviction was
inadmissible pursuant article 38.23 of the Code.  See id. art. 38.23 (Vernon 2005)  (prohibiting use at trial of evidence
obtained during an illegal or unauthorized search).  We agree that appellant=s written motion is not entirely congruent with his
complaint on appeal.  However, in the
suppression hearing, appellant sufficiently clarified  the basis of his argument, i.e., the
incorrect address listed on the warrant. 
Accordingly, we will address appellant=s point
of error.





[3]  Appellant argues the executing
officer=s personal knowledge is irrelevant and is insufficient to overcome the fact that the
warrant authorized search of a different address.  However, courts are entitled to take the executing officer=s personal knowledge into
consideration when determining whether a technical defect invalidates a
warrant.  See Bridges v. State,
574 S.W.2d 560, 562 (Tex. Crim. App. 1978) (upholding the validity of a search
where the officers who executed the warrant knew from their prior
investigations which house to search); Smith, 962 S.W. 2d at 185
(holding trial judge was entitled to consider the knowledge of the officer
executing the warrant where informant identified the house and the officer
observed the informant enter and leave); Taylor v. State, 974 S.W.2d
851, 855B56 (Tex. App.CHouston [14th Dist.] 1998, no pet.)
(affirming the denial of a motion to suppress where the executing officer=s personal knowledge of the correct
residence remedied the warrant=s incorrect address-listing).  In this case, by personally executing the
warrant and conducting the search, Wiltz vitiated any concern that officers were intruding upon the
wrong location.  See Bridges, 574 S.W.2d at 562; Smith,
962 S.W. 2d at 185; Taylor,974 S.W.2d at 855B56.





[4]  Photographs of the apartment
building were introduced at the suppression hearing in support of Wiltz=s testimony.