David Bradley BILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 71050.

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1990.

Keith E. Jagmin, Dallas, for appellant.

Barry L. Macha, Dist. Atty. and John W. Brasher, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for State.

## OPINION

McCORMICK, Presiding Judge.

This is a direct appeal from the denial of bail under the provisions of Article I, Section 11a of the Texas Constitution. Article I, § 11a provides in part that any person accused of a felony less than capital, committed while on bail for a prior felony, may be denied bail if the order is issued "within seven calendar days subsequent to the time of incarceration of the accused." Appellant was arrested on April 5, 1990, and the order denying bail was issued on April 12, 1990. In a single point of error, appellant contends that the order was not timely issued "within seven calendar days." We disagree.

A plain reading of the language in Article I, § 11a clearly indicates that the order was timely issued. Webster's Dictionary defines "subsequent" as "following in time" or "after"; "days subsequent" therefore means the days "after" or "following" the day of incarceration. Article I, § 11a explicitly states "calendar days"; it does not state the time period in hours, minutes, or fractions of a day. Thus, the district court correctly began counting on April 6, 1990, the day *after* incarceration, and issued the order on April 12, 1990, the seventh *calendar* day.

Even if this constitutional language is not sufficiently clear, Article I, § 11a must "be interpreted in the light of the common law." *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 647 (1933). "The established rule in this state ... is that when time is to be computed from or after a certain day or date, the designated day is to be excluded (and the last day of the period is to be included) unless a contrary intent is clearly manifested...." *Home Ins. Co. v. Rose,* 152 Tex. 222, 255 S.W.2d 861, 862 (1953); see *Hardy v. City of Throckmorton,* 70 S.W.2d 775, 776 (Tex.Civ.App.—Eastland 1934, writ ref'd); *Gray v. Port Arthur City Lines,* 149 S.W.2d 1030, 1031 (Tex.Civ. App.—Beaumont 1941, writ dism'd judgmt cor.); *Villarreal v. Brooks County,* 470 S.W.2d 60, 62 (Tex.Civ.App.—San Antonio 1971, no writ). See also Tex.R.App.P. 5 and Tex.R.Civ.P. 4 ("In computing any period of time ... the day of the act, event, or default after which the designated period begins to run is not to be included.").

The district court timely issued the order denying appellant bail; accordingly, the order is affirmed.

DAVIS, J., not participating.