The STATE of Texas, Appellant,

v.

Jose Freddie SALDIVAR, Appellee.

Nos. 3–89–210–CR, 3–89–211–CR and 3–89–212–CR.

Court of Appeals of Texas, Austin.

Nov. 7, 1990.

Rehearing Overruled Dec. 19, 1990.

Fred Franklin, Dist. Atty., Joel Menachim Shearer, Asst. Dist. Atty., Brownwood, for appellant.

Phillip Spicer, Jr., Taylor and Spicer, P.C., San Antonio, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

POWERS, Justice.

The State of Texas takes an interlocutory appeal from a pretrial order suppressing certain evidence in the State's prosecution of Jose Freddie Saldivar for three offenses: conspiracy to manufacture a controlled substance, possession of a controlled substance with intent to manufacture methamphetamine, and manufacture of a controlled substance. We will reverse the order and remand the causes to the trial court for proceedings not inconsistent with our opinion.

## THE CONTROVERSY

Saldivar moved to suppress evidence taken in the search of a rural dwelling. The State claimed the search was authorized by a warrant duly issued by a magistrate on the affidavit of a peace officer. Saldivar does not dispute the validity of the warrant. He claims, however, that the dwelling in which the evidence was found was not a place authorized to be searched under the warrant and attached affidavit.

In his affidavit,[1] the officer described as follows the place to be searched:

THERE IS IN MILLS COUNTY, TEXAS *A SUSPECTED PLACE* DESCRIBED AND LOCATED AS FOLLOWS: [highway directions omitted]. This property is Known as the Old Carlile Ranch which is located in the Big Valley Area. According to a Plat which was Prepared February 1987, there is a total of 1,307.76 Acres. Turn off of the Unpaved Road and enter into the Old Carlile Ranch through the Gate which will be to your left as driving up to the gate from the unpaved road. Travel down the second unpaved road which will be the Ranch Road and travel approximately One Mile which will bring you to a *Large single story Residence* which is White in Color. The Front of the residence will have two doors. The Residence will be surround [sic] by a fence. *To Be Searched will be all other out buildings, structures* and *vehicles located on this property.* A

map to the location is attached and made part of this Affidavit. . . .

The warrant commanded as follows:

THE STATE OF TEXAS to the Sheriff or any Peace Officer of Mills County, Texas or any Peace Officer of the State of Texas, GREETING:

. . . [Y]ou are commanded to enter the *suspected place* described in said [attached] Affidavit and to there search for the personal property described in said Affidavit and to seize same. . . .

In executing the warrant, peace officers searched the "Large single story Residence which is White in Color," and there obtained the evidence the State intends to introduce in Saldivar's trial. On Saldivar's motion, the trial court ordered the evidence suppressed on the ground that the warrant, construed in light of the attached affidavit, authorized the officers to search only "all other out buildings, structures and vehicles located on this property"; consequently, the single-story white residence lay outside the scope of the warrant and the officers' authority. In this Court, the parties join issue on the same point: Did the warrant authorize a search of the dwelling in light of the language contained in the affidavit?

The parties agree on the general rule: the warrant and the attached affidavit should be considered together as defining the place to be searched, but the description in the affidavit controls over the language of the warrant itself. *Riojas v. State,* 530 S.W.2d 298, 303 (Tex.Cr.App. 1975). The parties dispute, however, the meaning to be assigned the relevant language in the affidavit.

The State argues that the affidavit must be understood as including the dwelling in which the evidence was seized because the affidavit expressly referred to "a suspected place" described as a large, white, single-story residence having two front doors, being surrounded by a fence and situated on the 1,307.76 acres that constituted the Old Carlile Ranch. And, the State points out, no other structure was *described* in the affidavit in a similar manner, although *reference* was made to "other out build-

1. We have supplied the emphasis in all quota-    tions.

ings, structures and vehicles located on [the] property."

Saldivar rejoins that the places to be searched were impliedly limited by the sentence that followed the description of the dwelling: "To Be Searched will be all other out buildings, structures and vehicles located on this property." He contends this is more than a mere reference, for no similar language in the affidavit expressly mentions a search of the residence. Therefore, a search of the residence was precluded by necessary implication under the familiar maxim which holds that the express mention of one thing implies the exclusion of another.

## DISCUSSION AND HOLDINGS

We do not believe the officer's affidavit may reasonably be understood as carrying the implication for which Saldivar contends, or that the scope of the warrant was limited in consequence to the "other out buildings, structures and vehicles located on [the] property."

The State was obliged to obtain a warrant that described "as near as may be, the ... place ... to be searched." Tex.Code Cr.P.Ann. art. 18.04(2) (1977). But issuance of any warrant was forbidden unless a supporting affidavit set out sufficient facts to satisfy the magistrate that "probable cause" in fact existed for its issuance, and that evidence regarding an offense would be located at "the particular ... place ... to be searched." Tex.Code Cr.P.Ann. art. 18.01(c) (Supp.1990). The function and purpose of the affidavit are to enable the magistrate to judge the existence of "probable cause" from the facts recited in the affidavit. Consequently, the statements in the affidavit have meaning primarily in reference to this purpose and function, and they must be understood accordingly.

■ In the present case, the affidavit set out at some length the facts which showed a connecting link between the dwelling and the evidence thought to be therein—for example, the fact that persons were seen entering and leaving the dwelling with rifles, side arms, five-gallon cans and flammable liquids, together with descriptions of other activities that were, in the affiant's experience, characteristic of the operation of a methamphetamine laboratory in the dwelling. Conversely, nothing in the affidavit purports to set out facts demonstrating probable cause to search the "out buildings, structures and vehicles" independently. The plain substance of the affidavit is rather to show probable cause to search the dwelling particularly, and the other places only because of their association with the dwelling.

Saldivar's theory requires that we consider in isolation only the one sentence in the affidavit—"To Be Searched will be all other out buildings, structures and vehicles located on this property."—and draw from it an implication that is contrary to those statements linking the dwelling, the suspicious activities, and the evidence thought to be on the premises, as well as the basic tenor of the document as a whole, all of which become meaningless impedimenta under his theory. More importantly, Saldivar's theory results in an absurdity that defeats the relevant statutes mentioned above, the very purpose and function of an affidavit, and the protection these are designed to provide: his theory would authorize the search of places for which *no* probable cause is shown in the affidavit, while forbidding the search of the only place for which probable cause *is* shown therein. We reject the theory as requiring an unreasonable interpretation of the affidavit.

■ We are enjoined to give affidavits and warrants a "common sense" or "realistic" interpretation. *Faulkner v. State*, 537 S.W.2d 742, 744 (Tex.Cr.App.1976). Like the present case, *Faulkner* demonstrates that not all affiants and magistrates are punctilious grammarians. There, the warrant directed the impossible—that peace officers "enter the suspected place described in said affidavit and seize same and bring it before me," the "suspected place" being an apartment within a building situated on a parcel of real property. While condemning the use of the preprinted forms that encouraged such absurdities, the court nevertheless held the

warrant authorized seizure of any marijuana found in the apartment, the marijuana in the apartment and not the apartment itself being the subject of the affiant's statements of fact from which probable cause was inferred by the issuing magistrate.

There being no claim that the search was invalid for any other reason, we hold the trial court erred in its order suppressing the evidence seized in the dwelling; and we remand the causes to the trial court for proceedings not inconsistent with our opinion.