**Richard James WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1577–96, 1578–96.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1998.

Maggie McBride, Wichita Falls, for appellant.

Kimberly Aperauch Stelter, Assistant District Attorney, Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

WOMACK, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and MEYERS, MANSFIELD, KELLER, PRICE and HOLLAND, Judges, joined.

■ The issue in these cases is whether a search warrant that directs that it be returned "within three days, exclusive of the day of its execution," may be executed on the fourth day after the date of issuance. We hold that it may.

On November 5, 1993, a magistrate issued a combined search and arrest warrant, which directed:

> HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE THIS WARRANT WITHIN THREE DAYS, EXCLUSIVE OF THE DAY OF ITS EXECUTION, WITH YOUR RETURN THEREON, SHOWING THAT YOU HAVE EXECUTED THE SAME.

The warrant was executed on November 9, 1993.

Indicted for possession of marihuana and possession of taxable substance on which tax was unpaid, the appellant moved to suppress the evidence that was seized during a search conducted by authority of the warrant. He argued that the magistrate had ordered a period of time for execution of the warrant that "expired at midnight on the 8th." The trial court denied the motions. The appellant pleaded nolo contendere and appealed the trial court's rulings. The Court of Appeals affirmed. *Williams v. State*, 928 S.W.2d 752 (Tex.App.—Houston [14th Dist.] 1996). We granted review to resolve a conflict between courts of appeals.

The life span of a search warrant is determined by Article 18.06(a) of the Code of Criminal Procedure: "It must be executed within three days from the time of its issuance, and shall be executed within a shorter period if so directed in the warrant by the magistrate." Article 18.07 provides the method of computing the period of time for execution of a search warrant: "The time allowed for the execution of a search warrant shall be three whole days, exclusive of the day of its issuance and of the day of its execution."

The appellant would have us hold that, by saying nothing in the warrant about the day of issuance, the magistrate directed a shorter period than Article 18.07 allows. He relies on *dicta* in *Blackmon v. State*, 786 S.W.2d 467, 469 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd), which said of a warrant with identical language:

> Here, the magistrate shortened the time for execution of both the search and the arrest warrant by omitting the statutory language "exclusive of the date of issuance." ... [T]he magistrate put his own time limit on this arrest warrant, and it was shorter than what the law provides for search warrants.

The appellant's argument and the *Blackmon dicta* are based on the principle of the legal maxim, *"Expressio unius est exclusio alterius"* (the expression of one thing is the exclusion of another). The appellant says that since the magistrate expressly said that the day of execution was not in the period of time, he must have meant that the day of issuance was in the period.

■ The *expressio unius* maxim has had widespread legal application, although it is not a rule of law and there is nothing peculiarly legal about it. *Sutherland on Statutory Construction* § 47.24 (5th ed.1992). It is a product of logic and common sense, expressing the learning of common experience that when people say one thing they do not mean something else. *Ibid.* The maxim acts merely as an aid to determine intent in statutes, contracts, wills, trusts, and other documents. *Ibid.* The maxim has been held to be inapplicable if there is some special reason for mentioning one thing and none for mentioning another. *Id.*, § 47.23.

The maxim is inapplicable in this case because there is a special reason to mention the day of execution, and no special reason for mentioning the day of issuance. "The established rule in this state and in most of the other states is that when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last

day of the period is to be included unless a contrary intent is clearly manifested by the [document]." *Home Ins. Co. v. Rose,* 152 Tex. 222, 225, 255 S.W.2d 861, 862 (1953). *Accord, Bills v. State,* 796 S.W.2d 194 (Tex. Cr.App.1990). Article 18.07 follows the common-law rule as to the exclusion of the designated day (the day of issuance), but abrogates the common law by also excluding the last day of the period (the day of execution). The difference between the common-law rule and the statutory rule as to the day of execution constitutes a special reason to specify in the warrant whether that day is to be excluded from the period. There is no special reason to mention the day of issuance in the warrant because the common-law rule and the statutory rule are the same for that day; it is to be excluded. For this reason, the *expressio unius* maxim is inapplicable. In relying on it to find a clear manifestation of intent to vary the common-law and statutory rules of computation, which exclude the day of issuance, the appellant and the *Blackmon* Court were mistaken.

The judgments of the district court and the Court of Appeals are affirmed.

OVERSTREET, J., concurs in the result.

BAIRD, J., concurring in opinion.

BAIRD, Judge, concurring.

In this case, the warrant provided for execution within three days "exclusive of the day of its execution." The warrant did not make any reference to the day of "issuance." The narrow question presented by this case may be stated as follows: Did the magistrate, by not mentioning the date of issuance, intend to restrict the period within which the warrant could be executed? The First Court of Appeals in *Blackmon v. State,* 786 S.W.2d 467, 469 (Tex.App.—Houston [1st Dist.]), answered that question in the affirmative. However, the Fourteenth Court of Appeals in *Williams v. State,* 928 S.W.2d 752, 755–56 (Tex.App.—Houston [14th Dist.]) answered

the question in the negative. We granted review to resolve this conflict between the courts of appeals. Tex.R.App. P. 66.3(a). Our discretionary review jurisdiction is limited to reviewing the decision of the Court of Appeals. However, the majority does not, in any manner, review the decision of the Court of Appeals in this case. Therefore, I cannot join the opinion of the Court.[1] I find the reasoning of the Court of Appeals persuasive and, therefore, would adopt the following holding as our own.

> In interpreting affidavits and search warrants, magistrates and courts must do so in a common sense and realistic fashion and avoid hypertechnical analysis. *Faulkner v. State,* 537 S.W.2d 742, 744 (Tex.Cr. App.1976); *State v. Saldivar,* 798 S.W.2d 872, 874 (Tex.App.—Austin 1990, pet. ref'd). In this case, the magistrate did not mention whether the date of issuance was included or excluded. Therefore, a common sense analysis indicates that the statutory definition controls. The inclusion of the term "exclusive of the date of execution" was unnecessary because by statute the day of execution was already excluded. Therefore, inclusion of this term in the warrant cannot be construed as an intent on the part of the magistrate to shorten the three-day period.

*Williams,* 928 S.W.2d at 755.

With these comments, I join only the judgment of the Court.

---

1. For the following reasons, I also disagree with the majority's characterization of the language in *Blackmon* as "dicta." *Ante* at 507; First, the *Williams* Court treated the language as more than dicta. Second, had the language been mere dicta, the *Blackmon* Court would not have felt the necessity of stating alternative ways to uphold the arrest. *Id.,* 786 S.W.2d at 470. And third, had the language been nothing more than dicta, we would not have granted review as there would be no conflict between the Courts of Appeals.