NUMBER 13-02-179-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




HECTOR DEL ALTO,                                                                   Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 105th District Court 
of Nueces County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Baird



Opinion by Justice Baird

          Appellant was charged in a two count indictment with the offenses of possession
of heroin and cocaine. The indictment also alleged two prior felony convictions for the
purpose of enhancing the range of punishment. The State abandoned the first count, and
a jury convicted appellant of the offense alleged in the second count, possession of
cocaine. Appellant pled true to the enhancement allegations, and the jury assessed
punishment at confinement for life in the Texas Department of Criminal Justice–Institutional
Division. We affirm.
          Appellant raises two points of error. The first contends the trial judge erred in
denying appellant’s motion to suppress. The second contends trial counsel was ineffective
for stipulating the search warrant was valid. We will address these points of error jointly
because the success of each turns upon whether the search warrant was valid.
          The search in the instant case was executed pursuant to a warrant. That warrant
was signed and issued on October 15, 2001, and executed on October 19, 2001. 
Appellant argues the warrant was “invalid on its face” because it was not executed within
the time limit prescribed by article 18.06 of the Texas Code of Criminal Procedure. 
          Article 18.06(a) provides: 
A peace officer to whom a search warrant is delivered shall execute it without
delay and forthwith return it to the proper magistrate. It must be executed
within three days from the time of its issuance, and shall be executed within
a shorter period if so directed in the warrant by the magistrate.

Tex. Code Crim. Proc. Ann. art. 18.06(a) (Vernon Supp. 2004) (emphasis added). The
succeeding article provides the three day requirement “shall be three whole days, exclusive
of the day of its issuance and of the day of its execution.” Tex. Code Crim. Proc. Ann. art.
18.07 (Vernon 1977).
          Appellant argues that since the warrant was issued on the 15th, but not executed
until the 19th, four days later, the warrant had no force or effect. Swanson v. State, 18
S.W.2d 1082, 1082 (Tex. Crim. App. 1929) (search warrant not executed within time period
becomes "functus officio," and any search whose legality depends on the warrant is
unauthorized). We disagree. The warrant was issued on the 15th. Therefore, under
article 18.07, that day must be excluded in our three day computation. See Tex. Code
Crim. Proc. Ann. art. 18.07 (Vernon 1977). Similarly, the 19th, the date of execution, must
be excluded from our calculations. Id. Under this calculus, the warrant was valid when
appellant’s home was searched and the contraband seized. Williams v. State, 965 S.W.2d
506, 507-08 (Tex. Crim. App. 1998); Gonzalez v. State, 768 S.W.2d 436, 437-38 (Tex.
App.–Houston [1st Dist.] 1989, no pet.).
          Appellant attempts to distinguish the instant case from Williams, supra. In Williams,
the Texas Court of Criminal Appeals upheld the search based upon a warrant issued on
November 5th and executed on November 9th–the same time period involved in the instant
case. See Williams, 965 S.W.2d at 507. We fail to see any principled distinction between
the instant case and Williams. Accordingly, we hold the trial judge did not err in denying
the motion to suppress, and trial counsel was not ineffective for stipulating the warrant was
valid. Therefore, the first and second points of error are overruled.
          The judgment of the trial court is affirmed.
 
                                                                                                                      
                                                                           CHARLES BAIRD,
                                                                           Justice

Do not publish.
Tex. R. App. P. 47.2(b).
Opinion delivered and filed
this 18th day of March, 2004.