NUMBER 13-02-635-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

ENRIQUE
EUGENIO GARCIA,                                                       Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                  Appellee.

 

    On appeal from
the 138th District Court of Cameron County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








In a single issue, appellant, Enrique Eugenio
Garcia, appeals the trial court=s denial of his motion to suppress evidence obtained
pursuant to a search warrant.  Appellant
contends the warrant and probable cause affidavit were defective.  Following a hearing, the trial court denied
appellant=s motion and appellant pleaded nolo contendere to
possession of a controlled substance (cocaine) in an amount of four grams or
more, but less than 200 grams.[1]  The trial court found appellant guilty and
sentenced him to ten years= imprisonment. 
We affirm. 

As this is a memorandum opinion and the parties are
familiar with the facts, we will not recite them here except as necessary to
advise the parties of the Court=s decision and the basic reasons for it.[2]  The record contains the trial court=s certification that Athis
is not a plea-bargain case, and the defendant has the right of appeal.@[3]             

                                      I.  Standard of Review and Applicable Law 

According to the standard of review applied to
questions of affidavit adequacy, the decision of the magistrate is to be
accorded deference by reviewing courts, and is only to be overruled if the
decision extends beyond the bounds of reasonable disagreement.[4]  Furthermore, the decision of the trial court
at the suppression hearing regarding the adequacy of the warrant is to be
accorded deference by the appellate court.[5]           








The task of the magistrate issuing a search warrant
is to make a practical, common sense decision whether, given all the
circumstances set forth in the affidavit before him, there is a fair
probability that contraband or evidence of a crime will be found in a
particular place.[6]  An affiant must present the magistrate with
sufficient information to allow him to determine probable cause; a mere
conclusory statement will not do.[7]  Although sufficiency should be determined
from the Afour corners@ of the affidavit, the magistrate can make
reasonable inferences from the facts presented.[8]  Our after-the-fact scrutiny of the
sufficiency of an affidavit does not take the form of a de novo review;
instead, we determine whether the magistrate had a substantial basis for
concluding that a search warrant would uncover evidence of wrongdoing.[9]


In viewing affidavits by the Atotality of the circumstances,@ courts no longer require that credibility,
reliability, and basis of knowledge be established by separate and independent
facts; however, they remain highly relevant factors in determining whether
probable cause exists.[10]  Probable cause may be founded upon hearsay
and upon information received from informants, as well as upon information
within the affiant's own knowledge that sometimes must be garnered hastily.[11]  An unnamed informant=s reliability may be established by the affiant=s general assertions stated in the affidavit
concerning the informant=s prior reliability.[12]  








Article one, section nine, of the Texas Constitution
and the Fourth Amendment of the U.S. Constitution establish the right against
warrantless searches and seizures.[13]  In reviewing a magistrate=s determination to issue a warrant, Texas courts
have adopted the deferential standard of review articulated by the U.S. Supreme
Court in Gates.[14]
      

                                                        II.  Analysis       

Chapter eighteen of the Texas Code of Criminal
Procedure outlines the State=s specific search warrant requirements.[15]  Appellant contends that the search warrant
did not meet chapter eighteen requirements because it did not specify the
county of the place to be searched, did not sufficiently identify the place to
be searched, and the officer=s probable cause statement was merely conclusory and
insufficient to establish probable cause to issue the warrant.  Appellant further contends that the affidavit
did not meet chapter eighteen requirements because it did not provide enough
information to establish that the informant was a reliable source. 

A. 
Specificity of Warrant and Affidavit 








The state and federal constitutions
prohibit the issuance of search warrants without a description of the place to
be searched and persons or things to be seized. 
Under the Fourth Amendment of the U.S. Constitution, these requirements
must be Aparticularly@ described.[16]  Article one, section nine of the Texas
Constitution sets a similar standard; the description must be Aas near as may be.@[17] 

As a general rule, an affidavit given to
secure a search warrant controls over the search warrant.[18]  When the affidavit is attached to the
warrant, a court may look to the accompanying affidavit to resolve ambiguities
in the warrant.[19]  In this case, the county was specified in the
affidavit and in one of the two areas designated on the warrant. Considering
the two documents together, we conclude the trial court reasonably found the
warrant sufficiently identified the county in which the residence was located. 








Appellant contends the affidavit and
search warrant do not sufficiently describe the property to be searched.  The search warrant, together with the
affidavit, must describe the place to be searched with sufficient definiteness
to enable an officer to locate the property and distinguish it from other
places in the community.[20]  Here, the affidavit identifies the mobile
home park in which the suspect mobile home was located and provides a physical
description of both the mobile home and the vehicle parked in front of it.  We conclude that although the description
lacks a physical address, it is specific enough to enable an officer to locate
the property and distinguish it from others in the community.  Thus, we hold that the magistrate and the
trial court reasonably found that the warrant, together with the affidavit,
sufficiently described the place to be searched. 

                                  B.  Probable Cause and Reliability of Informant

Appellant contends the officer=s probable cause statement was merely
conclusory and insufficient to convince the issuing magistrate that there was
probable cause to issue the warrant.  The
affidavit, executed by an experienced peace officer, states that the
information regarding the search was provided by a confidential informant Aproven to be credible and reliable in
the past.@ 
According to the affidavit, the confidential informant told the officer
that he had seen cocaine at the residence within the last twenty-four hours. 

While probable cause may be based on
hearsay, the hearsay must be credited at each level in order to meet
constitutional requirements.[21]  Informant hearsay may be credited by showing
that the informant has given reliable, credible information in the past, or by
police corroboration.[22]  We conclude the trial court reasonably found
that the recitations in the affidavit demonstrate the reliability of the informant
and establish probable cause for the search warrant.

                                                                III.  Conclusion    








We conclude that the magistrate had a
substantial basis for concluding that a search warrant would uncover evidence
of wrongdoing.[23]  We hold the trial court did not err in
denying appellant=s motion to suppress.  Accordingly, we overrule appellant=s sole issue and affirm the trial court=s conviction.            

 

 

                                                        
                                                                                                                                                       LINDA REYNA YAÑEZ, Justice

 

 

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Memorandum opinion delivered and filed 

this the 22nd day of June, 2006.

 

 











[1] See Tex. Health & Safety Code Ann. ' 481.115(d) (Vernon 2003).





[2] Tex. R. App. P. 47.4.





[3] See Tex. R. App. P. 25.2(a)(2).





[4] See Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).





[5] See Hinojosa v. State, 4 S.W.3d 240, 247 (Tex. Crim. App. 1999).

 





[6] Trevino v. State, 875 S.W.2d 373, 375 (Tex. App.BCorpus Christi 1994, no pet.) (citing  Illinois v. Gates, 462 U.S. 213, 238
(1983)).  






[7] Id.





[8] Id. at 376. 





[9] Id.; Swearingen, 143 S.W.3d at 811. 





[10] Ashcraft v. State, 934 S.W.2d 727, 733 (Tex. App.BCorpus Christi 1996, pet. ref=d) . 





[11] Janecka v. State, 937 S.W.2d 456, 462 (Tex. Crim. App. 1996); Ashcraft, 934
S.W.2d at 733.  





[12] Cerda v. State, 846 S.W.2d 533, 534 (Tex. App.BCorpus Christi 1993, no pet.).





[13] See U.S. Const. amend. IV.; Tex. Const. art. I, _ 9.





[14] See Swearingen, 143 S.W.3d at 811 (noting standard for reviewing an issuing
magistrate=s probable cause determination
adopted in Gates, 462 U.S. at 234-37). 






[15] Article 18.04 provides:

 

A search warrant issued under this
chapter shall be sufficient if it contains the following requisites:

 

(1) that it run in the name of AThe State of Texas@;

 

(2) that it identify, as near as
may be, that which is to be seized and name or describe, as near as may be, the
person, place, or thing to be searched;

 

(3) that it command any peace
officer of the proper county to search forthwith the person, place, or thing
named; and

 

(4) that it be dated and signed by
the magistrate.

 

See Tex. Code Crim. Proc. Ann. art.
18.04 (Vernon 2005). 





[16]  U.S. Const. amend. IV. 





[17] Tex.
Const. art. I, _ 9.





[18] State v. Saldivar, 798 S.W.2d 872, 873 (Tex. App.BAustin 1990, pet. ref=d).  





[19] See id.





[20] Etchieson v. State, 574 S.W.2d 753, 759 (Tex. Crim.
App. 1978).





[21] Ashcraft,
934 S.W. 2d at 733.  





[22] Id. 





[23] See Gates,
462 U.S. at 236; Swearingen, 143 S.W.3d at 810-11.