

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,838

### EX PARTE CRAIG RONALD CAMPBELL, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 23,639-A IN THE 300TH JUDICIAL DISTRICT COURT OF BRAZORIA COUNTY

PRICE, J., filed a dissenting opinion in which MEYERS, JOHNSON and HOLCOMB, JJ., joined.

### DISSENTING OPINION

The applicant was convicted of the offense of burglary of a building for purposes of committing theft. He was eventually released on parole, but was revoked because the parole panel found that he violated a condition of his release by entering a child safety zone. The applicant argues, *inter alia*, that the parole panel lacked the discretion to impose such a condition in his case, under Section 508.225(a) of the Texas Government Code.[1] The Court

---

[1] TEX. GOV'T CODE § 508.225(a). This provision reads:

(a) If the nature of the offense for which an inmate is serving a sentence

rejects this argument in a single, perfunctory sentence.[2] I believe that the applicant's argument is correct, however, and therefore I respectfully dissent.

In concluding that a child-safety-zone condition may be imposed as a condition of the applicant's parole, the Court points to broad language in Section 508.221 of the Government Code granting a parole panel the authority to "impose as a condition of parole or mandatory supervision any condition that a court may impose on a defendant placed on community supervision under Article 42.12, Code of Criminal Procedure . . . ."[3] Subsection 11(a) of Article 42.12, in turn, grants wide (albeit not wholly unfettered) discretion upon a trial court to "impose any reasonable condition that is designed to protect or restore the community,

---

warrants the establishment of a child safety zone, a parole panel may establish a child safety zone applicable to an inmate serving a sentence for an offense listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure, or for which a judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure, by requiring as a condition of parole or release to mandatory supervision that the inmate not:

(1) supervise or participate in any program that includes as participants or recipients persons who are 17 years of age or younger and that regularly provides athletic, civic, or cultural activities; or

(2) go in or on, or within a distance specified by the panel of, a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility.

[2] *See* Majority Opinion at 9 ("Section 508.225 does not, however, specifically precluded the use of a child safety zone in other [than the specifically enumerated] circumstances."

[3] *Id*, citing TEX. GOV'T CODE § 508.221.

protect or restore the victim, or punish, rehabilitate, or reform the defendant."[4]  The Court deems the establishment of a child safety zone to be a reasonable condition of community supervision for one, such as this applicant, who has been previously convicted of indecent exposure, and it therefore holds that a parole panel may also authorize it as a condition of parole, consistent with Section 508.221 of the Government Code.[5]

The Court fails to see the whole picture.  It is important to construe all of the conditions-of-parole/mandatory supervision provisions contained in Chapter 508 of the Government Code *in pari materia*.  Moreover, in view of Section 508.221's reference to Article 42.12's provisions governing conditions of community supervision, it is also important to construe the Government Code provisions *in pari materia* with provisions in the Code of Criminal Procedure governing conditions of community supervision.  Let us begin with the Government Code.

## CHAPTER 508

Chapter 508 of the Government Code pertains generally to parole and mandatory supervision in Texas.  Subchapter F designates mandatory conditions—those that a parole panel *must* impose on certain offenders as a condition of their release on parole or mandatory

---

[4]  TEX. CODE CRIM. PROC. art. 42.12, § 11(a); George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 39.94 (2d ed. 2001).

[5]  Majority opinion at 9-10.

supervision. Among those mandatory conditions is that found in Section 508.187.[6] This provision requires a parole panel to impose as a condition of release the establishment of a child safety zone for inmates "serving a sentence" for certain enumerated offenses. Those enumerated offenses involve offenses of a sexually assaultive or exploitative nature, and do *not* include burglary of a building for purposes of committing theft—the offense this applicant was convicted of, was "serving a sentence" for, and for which he was later conditionally released. Thus, the parole panel was apparently not *required* to impose a child safety zone as a condition of his parole. But, of course, the question in this case is whether the parole panel was *authorized* to impose a child safety zone as a condition of the applicant's parole.

In 1999, the Legislature enacted Section 508.225.[7] This legislation added a provision to Subchapter G of Chapter 508, which sets out discretionary conditions of parole and mandatory supervision that a parole panel may impose. It authorizes the imposition of a child-safety-zone condition upon non-sex-offender releasees who are serving sentences of a violent nature, namely, offenses designated by Section 3g(a)(1) of Article 42.12 of the Code of Criminal Procedure, or offenses for which an affirmative finding has been made of the use or exhibition of a deadly weapon under Article 42.12, Section 3g(a)(2). This

---

[6] TEX. GOV'T CODE § 508.187.

[7] Acts 1999, 76th Leg., ch. 56, §2, eff. Sept. 1, 1999.

applicant, serving a sentence for burglary of a building for purposes of committing theft, satisfies none of these express statutory criteria.

Does a parole panel nevertheless have discretion to impose a child-safety-zone condition upon this applicant because he has a *prior* conviction for indecent exposure?  It seems clear enough that a parole panel is not *required* to impose that condition, since indecent exposure is not among the expressly enumerated offenses in Section 508.187(a).  In any event, as noted earlier, under Section 508.187(a), it is the offense for which the releasee is "serving a sentence" that must be among those enumerated, not some prior offense.  *Expressio unius est exlusio alterius*.[8]  We must presume, absent some plain indicium of contrary legislative intent, that when the Legislature says one thing, it does not mean something else.[9]

This maxim should apply with equal force to Section 508.225(a).  By expressly enumerating the circumstances in which a parole panel "may" make parole or mandatory supervision contingent upon the imposition of a child safety zone, the Legislature has

---

[8]

"A canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." *Black's Law Dictionary* 602 (7th ed. 1999).  "It is a well-known rule of statutory construction in this State and elsewhere that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others." *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex. Crim. App. 1979) (Opinion on State's motion for rehearing); *State v. Roberts*, 940 S.W.2d 655, 659 (Tex. Crim. App. 1996).

[9]

*Williams v. State*, 965 S.W.2d 506, 507 (Tex. Crim. App. 1998); Norman J. Singer & J. D. Sambie Singer, 2A SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION § 47:24 (7th ed. 2007);  67 Tex. Jur. 3d *Statutes* § 116 (2003), at 631-33.

presumably indicated that such a condition *may not otherwise* be imposed (except, of course, where mandated by Section 508.187).[10] I find nothing in the legislative history of Section 508.225 (such as it is) to the contrary.[11] Therefore, notwithstanding the general authority granted to a parole panel by Section 508.221 to impose any condition that could be imposed upon a probationer under Article 42.12, I would hold that a parole panel may *not* impose a child-safety-zone condition upon an inmate serving a sentence that does not fall under Article 42.12, Section 3g(a)(1), or for which an affirmative finding was not made under Article 42.12, Section 3g(a)(2).

## ARTICLE 42.12

Even if I were to entertain the Court's assumption that Section 508.221's general grant of authority could trump what I take to be Section 508.225's specific limitation on that authority, I would still hold that the parole panel lacked authority to impose a child-safety-zone condition upon this applicant. Section 508.221 generally authorizes a parole panel to impose any condition that a trial court could impose upon a defendant as a condition of

---

[10] *See* TEX. GOV'T CODE § 508.255(c) ("This section does not apply to an inmate described by Section 508.187.").

[11] Senate Bill 660 passed through both the Senate and House and their respective committees with no amendment and very little fanfare. According to the various bill analyses, its purpose was to "create[ ] certain conditions for community supervision, parole, and mandatory supervision for certain violent offenders." Apparently, the Legislature did not believe that the discretionary imposition of a child-safety-zone condition was already authorized by statute. "When what is expressed in a statute is creative, and not in a proceeding according to the course of the common law, it is exclusive, and the power exists only to the extent plainly granted." Singer & Singer, *supra*, § 47:23, at 412.

community supervision under Article 42.12. The Court points to general language in Article 42.12, Section 11(a) for the proposition that a trial court is authorized to impose any "reasonable condition" of community supervision,[12] and concludes that it would be reasonable for a trial court to impose a child-safety-zone condition upon a probationer who has a prior conviction for indecent exposure when offense reports indicate that the indecent exposure involved children.[13] Moreover, the Court notes, Article 42.12, Section 11(i) authorizes a trial court to require a "sex offender" "to submit to treatment, specialized supervision, or rehabilitation according to offense-specific standards of practice adopted by the Council on Sex Offender Treatment."[14] The Court reasons that these provisions in Article 42.12 would have authorized a trial court placing this applicant on community supervision to impose a child-safety-zone condition.[15] I disagree.

---

[12]

TEX. CODE CRIM. PROC. art. 42.12, § 11(a).

[13]

Majority opinion at 9.

[14]

*Id*. at 10. *See* TEX. CODE CRIM. PROC. art. 42.12, § 11(i) ("A judge who grants community supervision to a sex offender evaluated under Section 9A may require the sex offender as a condition of community supervision to submit to treatment, specialized supervision, or rehabilitation according to offense-specific standards of practice adopted by the Council on Sex Offender Treatment."). It is not at all clear to me that the applicant would necessarily qualify as a "sex offender" under TEX. CODE CRIM. PROC. Article 42.12, § 9A(a)(2). But even if he did, there is no indication that he was ever "evaluated" under that section at the trial court level, and so I cannot conclude that Section 11(i) would authorize imposing offense-specific "treatment, specialized supervision, or rehabilitation" upon him as a condition of community supervision. Nor is it self-evident to me that imposition of a child safety zone constitutes "treatment, specialized supervision, or rehabilitation."

[15]

*Id*. at 9-10.

Like Chapter 508 of the Government Code, Article 42.12 contains specific provisions that address the imposition of child-safety-zone conditions. In Article 42.12, Section 13B,[16] the Legislature has provided for the mandatory imposition of a child-safety-zone condition of community supervision. Section 13B(b) essentially mirrors Section 508.187(a) of the Government Code, requiring the imposition of a child-safety-zone condition for the nearly identical offenses for which Section 508.187(a) would require a parole panel to impose such a condition. But Section 13B(b), by its express terms, applies only "to a defendant placed on community supervision for" one of these enumerated offenses—not including burglary of a building for purposes of committing theft. Had this applicant been placed on community supervision for his offense of burglary of a building, a trial court could not have been *required* under Section 13B to impose a child-safety-zone condition. Again, *expressio unius est exclusio alterius*.

Also like Chapter 508 of the Government Code, Article 42.12 contains a specific provision governing when a trial court is *authorized* to impose a child safety zone as a condition of community supervision. Section 13D of Article 42.12 provides that a trial court "may" impose such a condition if it "grants community supervision to a defendant convicted of an offense listed in Section 3g(a)(1) or for which the judgment contains an affirmative

---

[16] TEX. CODE CRIM. PROC. art. 42.12, § 13B.

finding under Section 3g(a)(2)[.]"[17]  These are exactly the same circumstances under which a parole panel is authorized to impose a child safety zone as a condition of parole or mandatory supervision under Section 508.225—indeed, Section 13D and Section 508.225 were enacted at the same time, in the same legislative bill.[18]  Once again, by enumerating the circumstances under which this condition of community supervision may be imposed, the Legislature has indicated that it may *not* be imposed otherwise (except, of course, where mandated under Section 13B).[19]  Because the applicant could not have been subjected to a child-safety-zone condition of community supervision under Article 42.12, such a condition

---

[17]

TEX. CODE CRIM. PROC. art. 42.12, § 13D(a) reads:

(a) If a judge grants community supervision to a defendant convicted of an offense listed in Section 3g(a)(1) or for which the judgment contains an affirmative finding under Section 3g(a)(2), the judge, if the nature of the offense for which the defendant is convicted warrants the establishment of a child safety zone, may establish a child safety zone applicable to the defendant by requiring as a condition of community supervision that the defendant not:

(1) supervise or participate in any program that includes as participants or recipients persons who are 17 years of age or younger and that regularly provides athletic, civic, or cultural activities; or

(2) go in or on, or within a distance specified by the judge of, a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility.

[18]

Acts 1999, 76th Leg., ch. 56, § 1, eff. Sept. 1, 1999.

[19]

*See* TEX. CODE CRIM. PROC. art. 42.12, § 13B(c) ("This section does not apply to a defendant described by Section 13B.").

could not lawfully be imposed upon him as a condition of parole by virtue of Section 508.221 of the Government Code.

The applicant's parole should not have been revoked on the basis of a condition of release that was unlawfully imposed upon him. I respectfully dissent.

Filed: October 15, 2008
Publish